IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

JAMES FLORES (01)

No. 4:24-CR-306-P

## FACTUAL RESUME

I.     Plea: The defendant is pleading guilty to Count One of the Information, which charges Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343).

II.    Penalties: The maximum penalties the Court can impose for Count One include:

   a.    imprisonment for a period not to exceed 20 years;

   b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c.    a term of supervised release not to exceed 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

   d.    a mandatory special assessment of $100;

   e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct;

   f.    forfeiture; and

   g.    costs of incarceration and supervision.

Factual Resume – Page 1

III.   Elements of the Offense: The government must prove the following elements as to Count One of the Information:

First:        That the defendant and at least one other person made an agreement to commit the crime of wire fraud, in violation of 18 U.S.C. § 1343, as charged in the Information;

Second:    That the defendant knew the unlawful purpose of the agreement; and

Third:       That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

The elements of wire fraud—the object of the offense—are as follows:

First:        That a scheme to defraud existed;

Second:    That the scheme to defraud employed false material representations or pretenses;

Third:       That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, signal, or sound for the purpose of executing such scheme;

Fourth:     That the defendant acted with a specific intent to defraud.

IV.   Stipulated Facts:

From in or around April 2020 until in or around May 2021, in the Fort Worth Division of the Northern District of Texas and elsewhere, **James Flores** agreed and conspired with others known and unknown to commit wire fraud. It was part of the conspiracy and scheme that **Flores**, Nathan Reis, Stephanie Hockridge (also known as Stephanie Reis), Michael Cota, and Vivian Arriaga would knowingly submit applications for Paycheck Protection Program (PPP) loans containing false representations related to facts material to eligibility for the loans and the amount of the loans. **Flores** and his coconspirators submitted these loan applications via interstate wire from in or around Scottsdale, Arizona to financial institutions headquartered in Phoenix, Arizona; Redwood City, California; San Diego, California; San Francisco, California; and Bedford, Texas, in the Northern District of Texas.

It was also part of the conspiracy and scheme that, beginning in April 2020,

Factual Resume – Page  2

**Flores** and his coconspirators began submitting fraudulent applications for PPP loans for themselves and their businesses. In order to increase the size of the loans, **Flores** and his coconspirators fabricated tax documents, altered bank statements, and made other material misrepresentations in order to deceive lenders and the Small Business Administration (SBA) into paying them more money than they would have had the lenders and SBA known the truth.

As part of the conspiracy, **Flores** and Cota falsely represented on a PPP loan application submitted in or around May 2020 the amount of payroll that Qualytics, an entity they owned and operated, paid in 2019 in order to obtain a PPP loan in the amount of about $62,610. In furtherance of the conspiracy, on or around May 15, 2020, in Arizona, **Flores** digitally signed the promissory note through which Qualytics obtained a PPP loan in the amount of $62,610 and sent the note via electronic wire to a lender located in or around San Diego, California.

Also as part of the conspiracy, in or around July 2020, **Flores**, Reis, and Cota created false documents for **Flores** to use on a separate PPP loan application as a sole proprietor. As part of the application, Cota altered a bank statement to misrepresent that **Flores** had a sole proprietorship apart from Qualytics, and Reis created a fake tax document purporting to show that Qualytics paid **Flores** over $106,000 in 2019. **Flores** used these false documents to attempt to obtain a PPP loan of about $20,006, first by submitting an application to a lender based in San Francisco, California, and then by submitting another application to a lender based in Redwood City, California.

It was also part of the conspiracy that **Flores** and his coconspirators founded Blueacorn in 2020, purportedly to assist small businesses and individuals in obtaining PPP loans. They charged borrowers kickbacks based on a percentage of the loans that were funded, despite knowing that borrowers were prohibited from using PPP loan proceeds to make such payments.

**Flores** and his coconspirators expanded the operations of Blueacorn, beginning in October 2020, by partnering with lenders, including a lender based in Bedford, Texas, through which Blueacorn would serve as a lender service provider and would collect, review, and process PPP applications and help the lenders submit the applications to the SBA. As a lender service provider, Blueacorn received a percentage of the fees the SBA paid to Lender-1 and Lender-2 for approved PPP loans. **Flores** and his coconspirators submitted and caused to be submitted PPP loan applications that they knew contained materially false information in order to make more money, causing the lender based in Bedford, Texas to transfer loan funds to borrowers, including borrowers located outside of the Northern District of Texas.

**Factual Resume – Page 3**

It was also part of the conspiracy that **Flores**, Reis, Hockridge, and other coconspirators made money through a Blueacorn program called "VIPPP" in which they offered a personalized service to help potential borrowers complete loan applications. Reis and Hockridge also recruited coconspirators to work as VIPPP referral agents and coach other borrowers on how to submit false PPP loan applications. In exchange for their service, Reis, Hockridge, and their coconspirators charged borrowers kickbacks based on a percentage of the loans that were funded through VIPPP, despite knowing that borrowers were prohibited from using PPP loan proceeds to make such payments. In order to make more money in kickbacks from borrowers and fees from the SBA, **Flores**, Reis, Hockridge, and their coconspirators submitted PPP loan applications that they knew contained materially false information.

As a result of **Flores** selling his ownership interest in Blueacorn, he received payments of at least $24 million.

AGREED AND STIPULATED on this____4____day of __December__ , 2024.


_____           _____
JAMES FLORES                              JAMES MELENDRES
Defendant                                 Counsel for Defendant

**Factual Resume – Page  4**